Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Thomas C. Clowney**
Debtor(s)

Bankruptcy Case No.: 14–23665–JAD
Issued Per May 10, 2018 Proceeding
Chapter: 13
Docket No.: 180 – 176, 177
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)* *PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 20, 2018 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)  IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.  Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.  Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.  Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.  Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.  Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: May 21, 2018

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc:   All Parties in Interest to be served by Clerk in seven (7) days

```
                             United States Bankruptcy Court
                             Western District of Pennsylvania
In re:                                                            Case No. 14-23665-JAD
Thomas C. Clowney                                                 Chapter 13
         Debtor
                                  CERTIFICATE OF NOTICE
District/off: 0315-2         User: jhel                   Page 1 of 2            Date Rcvd: May 21, 2018
                             Form ID: 149                 Total Noticed: 17


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 23, 2018.
db             +Thomas C. Clowney,    143 Castle Drive,    Pittsburgh, PA 15235-1855
cr             +Credit Acceptance Corporation,    25505 W. 12 Mile Road,    Suite 3000,
                 Southfield, MI 48034-8331
cr             +Fay Servicing, LLC,    440 S. LaSalle Street,    Suite 2000,    Chicago, IL 60605-5011
cr             +Statebridge Company,    Stern & Eisenberg, PC,    1581 Main Street, Suite 200,
                 Warrington, PA 18976-3400
cr             +Wilmington Savings Fund Society,    Aldridge Pite, LLP,    4375  Jutland Dr Suite 200,
                 San Diego, CA 92117-3600
cr             +Wilmington Savings Fund Society, et al.,    Stern & Eisenberg, PC,    1581 Main Street, Suite 200,
                 Warrington, PA 18976-3400
13919726       +Credit Acceptance,    25505 West Twelve Mile Rd,    Suite 3000,    Southfield MI 48034-8331
13919392       +Credit Acceptance Corp.,    PO Box 5070,    Southfield, MI 48086-5070
14281658       +Fay Servicing, LLC,    3000 Kellway Dr.,    Ste 150,    Carrollton, TX 75006-3357
13984706       +Municipality of Penn Hills,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                 Norristown, PA 19404-3020
13919395       +PNC Bank,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
13919396       +Specialized Loan Servicing,    8742 Lucent Blvd.,    Ste. 300,    Littleton, CO 80129-2386
14777681       +Wilmington Savings Fund Society FSB,    c/o Kondaur Capital Corporation,
                 333 South Anita Drive, ste 400,    Orange CA 92868-3314
14131992       +Wilmington Savings Fund Society, FSB, et al.,    c/o Statebridge Company LLC,
                 5680 Greenwood Plaza Blvd., Suite 100s,    Greenwood Village, CO 80111-2404

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
13977304       +E-mail/Text: kburkley@bernsteinlaw.com May 22 2018 02:07:29     Duquesne Light Company,
                 c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
13919394       +E-mail/Text: kburkley@bernsteinlaw.com May 22 2018 02:07:28     Duquesne Light Company,
                 411 Seventh Avenue,    Pittsburgh, PA 15219-1942
13919397       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com May 22 2018 02:06:13
                 Verizon,    500 Technology Drive, Suite 300,    Weldon Springs, MO 63304-2225
                                                                                               TOTAL: 3

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Duquesne Light Company
cr              U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
cr              U.S. Bank National Association, as Trustee for Ter
cr              Wilmington Savings Fund Society, FSB, d/b/a Christ
cr*             Wilmington Savings Fund Society, FSB, d/b/a Christ
cr*            +Municipality of Penn Hills,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                 Norristown, PA 19404-3020
cr             ##+Penn Hills School District and Municipality of Pen,    Maiello Brungo & Maiello, LLP,
                 3301 McCrady Road,    Pittsburgh, PA 15235-5137
13919393       ##+Debt Recovery Solutions,    900 Merchants Concourse 106,    Westbury, NY 11590-5114
13997764       ##+Debt Recovery Solutions, LLC,    900 Merchants Concourse, Ste LL-11,    Westbury, NY 11590-5121
13944114       ##+Penn Hills School District,    c/o Maiello Brungo & Maiello, LLP,    3301 McCrady Road,
                 Pittsburgh, PA 15235-5137
                                                                                                TOTALS: 5, * 1, ## 4

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.   Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.   The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 23, 2018                                           Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: jhel              Page 2 of 2            Date Rcvd: May 21, 2018
                              Form ID: 149            Total Noticed: 17
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2018 at the address(es) listed below:

          Brian C. Thompson    on behalf of Debtor Thomas C. Clowney bthompson@ThompsonAttorney.com,
          blemon@thompsonattorney.com;LMichaels@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgillesp
          ie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@thompsonattorney.com
          Brian C. Thompson    on behalf of Plaintiff Thomas C. Clowney bthompson@ThompsonAttorney.com,
          blemon@thompsonattorney.com;LMichaels@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgillesp
          ie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@thompsonattorney.com
          Elizabeth Lamont Wassall    on behalf of Creditor    U.S. Bank National Association, as Trustee for
          Terwin Mortgage Trust 2005-18ALT, Asset-Backed Certificates, Series 2005-18ALT vbarber@udren.com
          James Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
          Trust, not individually but as trustee for Hilldale Trust bkgroup@kmllawgroup.com
          James R. Wood    on behalf of Creditor    Municipality of Penn Hills jwood@portnoffonline.com,
          jwood@ecf.inforuptcy.com
          Jennifer L. Cerce    on behalf of Creditor    Penn Hills School District and Municipality of Penn
          Hills jlc@mbm-law.net
          Leslie J. Rase, Esq.    on behalf of Creditor    Wilmington Savings Fund Society, et al.
          lrase@sterneisenberg.com,    ddelvecchio@sterneisenberg.com;dbogucki@sterneisenberg.com
          Leslie J. Rase, Esq.    on behalf of Creditor    Statebridge Company lrase@sterneisenberg.com,
          ddelvecchio@sterneisenberg.com;dbogucki@sterneisenberg.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
          ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          Stuart P. Winneg    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
          swinneg@udren.com,    cblack@udren.com
          William E. Craig    on behalf of Creditor    Credit Acceptance Corporation ecfmail@mortoncraig.com,
          mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
          William E. Craig    on behalf of Defendant    Credit Acceptance Corp. ecfmail@mortoncraig.com,
          mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
          William E. Miller    on behalf of Creditor    Wilmington Savings Fund Society, et al.
          wmiller@sterneisenberg.com,    bkecf@sterneisenberg.com

                                                      TOTAL: 15